**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4425**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ZHIVAGO ANWAH ROBINSON, a/k/a Anwah, a/k/a Anwar,

            Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:08-cr-00401-CMC-2)

———————

Submitted:  July 28, 2010            Decided:  August 11, 2010

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina,  for Appellant.   W. Walter Wilkins, United
States Attorney, James Chris Leventis, Jr., Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Zhivago Anwah Robinson of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). At sentencing, the district court determined that Robinson was a career offender under the Sentencing Guidelines and sentenced him to 360 months of imprisonment. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2008). Robinson now appeals, and argues that the district court erred in imposing a 360-month sentence because his predicate offenses for the career offender designation involved small amounts of drugs, no firearms, and no violence. Finding no error, we affirm.

We review a sentence for reasonableness, using a deferential "abuse of discretion" standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." United States v. Pauley, 511

F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). This court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 347 (2007).

Robinson does not challenge the procedural reasonableness of his sentence on appeal. Rather, he attacks its substantive reasonableness, asserting that, under the totality of the circumstances, the district court erred in imposing a sentence within the properly-calculated Guidelines range. He argues that, because the predicate offenses for his career offender enhancement did not involve firearms, violence, or a significant quantity of drugs, he did not merit the lengthy sentence imposed by the district court.

We conclude, however, that Robinson has not rebutted the presumption of reasonableness that we apply to Robinson's sentence. Allen, 491 F.3d at 193. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED